IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARYL MOORE,

    Defendant.                                     Case No. 06-CR-30063-DRH

**ORDER**

**HERNDON, District Judge:**

        This Order is to memorialize the action taken by the Court on June 8, 2006 (Doc. 15), which granted Defendant Moore's Motion to Continue Trial Setting (Doc. 11). Defendant, on June 6, 2006, filed a Motion to Continue Trial Setting (Doc. 11), then scheduled for June 12, 2006, explaining that Defendant had recently had some medical and dental problems that had interfered with his counsel's ability to meet with Defendant and prepare for trial (*Id*. at ¶¶ 3-4). Furthermore, since Defendant's indictment on April 18, 2006, Defendant had been involved in a drug detoxification program at Gateway Foundation, which further hindered his counsel's ability to prepare for trial (*Id*. at ¶¶ 2 and 4). Lastly, Defendant's Motion was unopposed by the government (*Id*. at ¶ 4).

        As shown on the Record, the Court granted Defendant's Motion to Continue Trial Setting (Doc. 11), continuing the trial date until August 28, 2006 (*see* Doc. 15). The Court did so upon finding that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweighed the best interests of the public and Defendant in a speedy trial. Although this finding was made "in the judge's mind before granting the continuance . . ." the Court

now endeavors to memorialize its finding in this subsequent order, so that they may be made part of the record.  *See Zedner v. United States*, - - U.S. - -, **126 S. Ct. 1976, 1989 (2006);** *see also* ***United States v. Larson*, 417 F.3d 741, 743 (7th Cir. 2005)(Speedy Trial Act findings are not necessarily required to be made contemporaneously with continuance order);** *United States v. Janik*, **723 F.2d 537, 544 (7th Cir. 1983)("[R]equired findings [under the Speedy Trial Act] need not be entered at the same time as the grant of the continuance.")(citing** *United States v. Brooks*, **697 F.2d 517, 522 (3d Cir. 1982))**.

In considering whether to grant the continuance, the Court first noted that Defendant's counsel had been unable to sufficiently prepare for trial because of Defendant's medical, dental, and drug treatment issues and that denying a continuance would also likely serve to deny Defendant's counsel reasonable time necessary for effective preparation, even if he were to act with due diligence.  Furthermore, the Court noted that the government was unopposed to the motion.  In sum, the Court found that denial of a continuance at that time, given the circumstances, would likely result in a miscarriage of justice, even when weighed against the interest of the public and the Defendant in conducting a speedy trial.

This reasoning therefore justified the Court in finding that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweighed the best interests of the public and Defendant in a speedy trial.  This finding also allowed the time from when Defendant filed his Motion to Continue (Doc. 11) on June 6, 2006, until the date to which the trial was then rescheduled, August 28, 2006 (Doc. 15), to count as excludable time under the Speedy Trial Act.  Accordingly, the Court's findings herein regarding its Order (Doc. 15) granting Defendant's Motion to Continue Trial (Doc. 11) are now part of the record and the excludable time

is also noted.

        **IT IS SO ORDERED.**

        Signed this 18th day of September, 2006, *nunc pro tunc* to September 14, 2006.

                                        /s/          David   RHerndon
                                        **United States District Judge**