IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARYL MOORE,

    Defendant.                                      Case No. 06-CR-30063-DRH

**ORDER**

**HERNDON, District Judge:**

        This Order is to memorialize the action taken by the Court on August 24, 2006 (Doc. 22), which granted Defendant Moore's Second Motion to Continue (Doc. 21). Defendant, on August 24, 2006, filed a Second Motion to Continue trial (Doc. 21), then scheduled for August 28, 2006, explaining that Defendant was seeking a continuance in order to have time to arrange a conference between Defendant, his counsel, and the case agent to discuss the applicability of **18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2** to Defendant's case (Doc. 21, ¶ 3). In addition, Defendant's Motion was unopposed by the government (*Id*. at ¶ 4).

        As shown on the Record, the Court granted Defendant's Second Motion to Continue (Doc. 21), continuing the trial date until October 16, 2006 (*see* Doc. 22). The Court did so upon finding that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweighed the best interests of the public and Defendant in a speedy trial. Although this finding was made "in the

judge's mind before granting the continuance . . . ." the Court now endeavors to memorialize its finding in this subsequent order, so that they may be made part of the record.  **See Zedner v. United States, - - U.S. - -, 126 S. Ct. 1976, 1989 (2006); see also United States v. Larson, 417 F.3d 741, 743 (7th Cir. 2005)(Speedy Trial Act findings are not necessarily required to be made contemporaneously with continuance order); United States v. Janik, 723 F.2d 537, 544 (7th Cir. 1983)("[R]equired findings [under the Speedy Trial Act] need not be entered at the same time as the grant of the continuance.")(citing United States v. Brooks, 697 F.2d 517, 522 (3d Cir. 1982))**.

In considering whether to grant the continuance, the Court noted that the conference between the parties might help facilitate plea negotiations between the parties, which would be in the best interest of the public and Defendant. Furthermore, the Court noted that the government was unopposed to the motion. In sum, the Court found that denial of a continuance at that time, given the circumstances, would likely result in a miscarriage of justice, even when weighed against the interest of the public and the Defendant in conducting a speedy trial. This reasoning therefore justified the Court in finding that pursuant to **18 U.S.C. § 3161(h)(8)(A)**, the ends of justice served by the granting of such continuance outweighed the best interests of the public and Defendant in a speedy trial.  This finding also allowed the time from when Defendant filed his Second Motion to Continue (Doc. 21) on August 24, 2006, until the date to which the trial was then

rescheduled, October 16, 2006 (*see* Doc. 22), to count as excludable time under the Speedy Trial Act.  Accordingly, the Court's findings herein regarding its Order (Doc. 22) granting Defendant's Second Motion to Continue (Doc. 21) are now part of the record and the excludable time is also noted.

**IT IS SO ORDERED.**

Signed this 14th day of September, 2006.

/s/      David    RHerndon<br>**United States District Judge**